# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JESUS GUZMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| HOA RESTAURANT GROUP, LLC d/b/a | § | |
| HOOTERS and HELMSMAN | § | |
| MANAGEMENT SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| 8/12/2020 | Plaintiff's Original Petition, Demand for Jury Trial, and Requests for Disclosure |
|---|---|
| 8/12/2020 | Enter Demand for Jury |
| 8/12/2020 | Citation issued to HOA Restaurant Group, LLC |
| 12/11/2020 | Return of Service for HOA Restaurant Group, LLC |
| 12/14/2020 | Notice of Intent to Dismiss |
| 1/7/2021 | HOA Restaurant Group, LLC's Verified Denial, Original Answer, and Request for Disclosure |

# Exhibit 2

## Case Information

DC-20-11190 | JESUS GUZMAN vs. HOA RESTAURANT GROUP, LLC

Case Number
DC-20-11190

Court
191st District Court

Judicial Officer
SLAUGHTER, GENA

File Date
08/12/2020

Case Type
PROPERTY

Case Status
OPEN

## Party

PLAINTIFF
GUZMAN, JESUS

Active Attorneys ▾
Lead Attorney
MANDAVIA, HAZIM
Retained

DEFENDANT
HOA RESTAURANT GROUP, LLC

  Aliases
  *DBA* HOOTERS AND HELSMAN MANAGEMENT SERVICES LLC
Address
SERVING REGISTERED AGENT CT CORPORATION SYSTEM INC
1999 BRYAN ST STE 900
DALLAS TX 75201

## Events and Hearings

08/12/2020 NEW CASE FILED (OCA) - CIVIL

08/12/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

08/12/2020 JURY DEMAND ▾

JURY DEMAND

08/12/2020 ISSUE CITATION ▾

ISSUE CITATION - HOA RESTAURANT GROUP, LLC

08/14/2020 CITATION ▾

Served
12/09/2020

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
12/11/2020
Comment
HOA RESTAURANT GROUP, LLC

12/11/2020 RETURN OF SERVICE ▾

EXECUTED CITATION: HOA RESTAURANT GROUP, LLC

Comment
EXECUTED CITATION: HOA RESTAURANT GROUP, LLC

02/18/2021 DISMISSAL FOR WANT OF PROSECUTION ▾

191FINAL DISMISSAL

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:00 AM

## Financial

GUZMAN, JESUS

|  |  | |
|---|---|---:|
| Total Financial Assessment | | $340.00 |
| Total Payments and Credits | | $340.00 |

| | | | | |
|---|---|---|---|---:|
| 8/14/2020 | Transaction Assessment | | | $340.00 |
| 8/14/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 48777-2020-DCLK | GUZMAN, JESUS | ($340.00) |

## Documents

ORIGINAL PETITION

JURY DEMAND

ISSUE CITATION - HOA RESTAURANT GROUP, LLC

191FINAL DISMISSAL

EXECUTED CITATION: HOA RESTAURANT GROUP, LLC

# Exhibit 3

FILED
8/12/2020 6:42 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-20-11190

CAUSE NO. _____

| | | |
|---|---|---|
| JESUS GUZMAN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | 191ST |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOA RESTAURANT GROUP, LLC d/b/a | § | |
| HOOTERS AND HELSMAN | § | DALLAS COUNTY, TEXAS |
| MANAGEMENT SERVICES, LLC, | | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY TRIAL
AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESUS GUZMAN, hereinafter "Plaintiff", complaining of and about 7-ELEVEN, INC., and HOA RESTAURANT GROUP, LLC, hereinafter collectively "Defendants," and for cause of action show unto the Court the following:

**DISCOVERY CONTROL PLAN**

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

**PARTIES AND SERVICE**

2.      Plaintiff JESUS GUZMAN is an individual and resident of Texas whose address is 9330 LBJ Freeway, Suite 120, Dallas, Texas, 75243.  The last three digits of JESUS GUZMAN'S social security number are 941. The last three digits of JESUS GUZMAN'S drivers license are 081.

3.      Defendant HOA RESTAURANT GROUP, LLC d/b/a HOOTERS is a Georgia corporation registered to do business in the State of Texas, and may be served with process through its registered agent, CT Corporation System, Inc. at the following address: 1999 BRYAN ST. SUITE 900 DALLAS, TX 75201

---

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      Plaintiff seeks monetary relief over $200,000.00 but no more than $1,000,000.00.

6.      Venue in Dallas County is proper in their cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to their lawsuit occurred in Dallas County.

## FACTS

7.      On or about August 15, 2018, Plaintiff was customer at the Hooters (the "Restaurant") located 2201 N. Lamar St., Dallas, Texas, 75202.  While on the premises, Plaintiff was seriously injured and beaten by one or more of the patrons of the Restaurant. Plaintiff sustained multiple injuries requiring emergency health care treatment.  The injuries sustained by Plaintiff occurred as a result of the dangerous criminal activity that Defendants knew was a danger to customers and failed to warn and/or keep safe and/or notify customers of the dangerous criminal activity and violence that commonly occurred on Defendants' premises and was known to Defendants.

8.      Plaintiff's bodily injuries occurred as a direct result of being attacked by one or more of Defendants' customers therefore proximately caused by te Defendants as described above, which Defendants knew or, in the exercise of ordinary care, should have known existed.

9.      At all times mentioned herein, Defendants owned and/or leased and/or managed the property in question and located at 2201 N. Lamar St, Dallas, Texas, 75202.

10.     At all times herein, Defendants had such control over the premises in question that Defendants owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

11.     Defendants, Defendants' agents, servants, and employees negligently permitted the premises to be unsafe and dangerous to customers by failing to take protective and/or safety measures and/or warn customers despite having knowledge of numerous previous acts of criminal violence on Defendants' premises, negligently or willfully allowed such unsafe and dangerous condition to continue and negligently or willfully failed to warn Plaintiff of the dangerous condition of previous violence on Defendants' premises.  This condition existed despite the fact that Defendants or Defendants' agents knew of or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

12.     Plaintiff would show the court that the dangerous condition of previous violence on Defendants' premises was such that, that had Defendants or Defendants' agents exercised ordinary care in protecting the safety of customers, the dangerous acts of violence would been noticed and corrected by such persons.

13.     At all times pertinent herein, Defendants and any of Defendants' agents, who were acting in the scope of their employment, were guilty of negligent conduct toward Plaintiff in the following: (a) Failing to properly inspect and maintain the premises in question, to discover the dangerous condition; (b) failing to maintain the premises in a reasonably safe condition; (c) failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the premises; and (d) failing to warn Plaintiff and failing to take steps to protect customers given the numerous instances of violence that have occurred on Defendants' premises..

14.     Each and every, all and singular of the forgoing acts and omission, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

15.     Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

## DAMAGES FOR PLAINTIFF

16.     Defendants' acts and/or omissions, as described herein above, were the direct and/or proximate cause of Plaintiff's bodily injuries and damages. Specifically, Plaintiff sustained the following damages:

> A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

> B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

> C.     Physical pain and suffering in the past;

> D.     Physical pain and suffering in the future;

> E.     Mental anguish in the past; and

> F.     Mental anguish in the future.

## JURY DEMAND

17.  Plaintiff hereby demands trial by jury.

## REQUESTS FOR DISCLOSURE

18.     Pursuant to the Texas Rules of Civil Procedure, Defendants are hereby requested to provide answers and/or responses to the requests for disclosure in Rule 194.2(a) through (l) within fifty (50) days of service of this petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post- judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ALMASRI & MARZWANIAN LAW GROUP PLLC

By: /s/ Hazim Mandavia
     Sam Almasri
     Texas Bar No. 24053071
     Email: sam@theamlawgroup.com
     Hazim Mandavia
     Texas Bar No. 24096984
     Email: hazim@theamlawgroup.com
     9330 LBJ Freeway, Suite 120
     Dallas, Texas 75243
     Tel. (214) 227-2777
     Fax. (214) 227-2271
     Attorneys for Plaintiff

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nida Rafi on behalf of Hazim Mandavia
Bar No. 24096984
Nida@theamslawgroup.com
Envelope ID: 45338028
Status as of 08/14/2020 08:51:11 AM -05:00

Associated Case Party: JESUS GUZMAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sam Almasri | | sam@theamlawgroup.com | 8/12/2020 6:42:16 PM | SENT |
| Iridian Cueto | | iridian@theamlawgroup.com | 8/12/2020 6:42:16 PM | SENT |
| Hazim Mandavia | | hazim@theamlawgroup.com | 8/12/2020 6:42:16 PM | SENT |
| Lana Shubair | | lana@theamlawgroup.com | 8/12/2020 6:42:16 PM | SENT |

# Exhibit 4

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-20-11190

JESUS GUZMAN

vs.

HOA RESTAURANT GROUP, LLC

191st District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: JESUS GUZMAN

FEE PAID: 40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

# Exhibit 5

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:     **HOA RESTAURANT GROUP, LLC D/B/A HOOTERS AND HELSMAN MANAGEMENT SERVICES, LLC**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM INC**
**1999 BRYAN ST STE 900**
**DALLAS TEXAS 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JESUS GUZMAN**

Filed in said Court **12th day of August, 2020** against

**HOA RESTAURANT GROUP, LLC**
For Suit, said suit being numbered **DC-20-11190**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **& REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 14th day of August, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-20-11190**

**JESUS GUZMAN**
vs.
**HOA RESTAURANT GROUP, LLC**

ISSUED THIS
**14th day of August, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**HAZIM MANDAVIA**
**ALMASRI MARZWANIAN LAW GROUP**
**9330 LBJ FREEWAY SUITE 120**
**DALLAS TEXAS  75243**
214-227-2777
hazim@theamlawgroup.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-20-11190

Court No.191st District Court

Style: JESUS GUZMAN

vs.

HOA RESTAURANT GROUP, LLC

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____.M. on the _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ day of _____,

20 ____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____

For mileage    $ _____    of _____ County, _____

For Notary    $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# Exhibit 6

FILED
12/11/2020 12:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
Deondria Grant DEPUTY

Case 3:21-cv-00053-E   Document 1-1   Filed 01/08/21   Page 20 of 36   PageID 25

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** **HOA RESTAURANT GROUP, LLC D/B/A HOOTERS AND HELSMAN MANAGEMENT SERVICES, LLC**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM INC**
**1999 BRYAN ST STE 900**
**DALLAS TEXAS 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JESUS GUZMAN**

Filed in said Court **12th day of August, 2020** against

**HOA RESTAURANT GROUP, LLC**

For Suit, said suit being numbered **DC-20-11190,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **& REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 14th day of August, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
    ANGELA CONEJO

---

**ESERVE**

**CITATION**

DC-20-11190

**JESUS GUZMAN**
vs.
HOA RESTAURANT GROUP, LLC

ISSUED THIS
**14th day of August, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**HAZIM MANDAVIA**
**ALMASRI MARZWANIAN LAW GROUP**
**9330 LBJ FREEWAY SUITE 120**
**DALLAS TEXAS 75243**
**214-227-2777**
hazim@theamlawgroup.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-20-11190

Court No.191st District Court

Style: JESUS GUZMAN

vs.

HOA RESTAURANT GROUP, LLC

Came to hand on the ___ day of _Aug_, 20 _20_, at _12_ o'clock _P_.M. Executed at _1999 Bryan st #900_

within the County of _Dallas_ at _2:43_ o'clock _P_.M. on the _9th_ day of _Dec_

20 _20_, by delivering to the within named

_HOA Restaurant Group, LLC D/B/A Hooters and Helsmann_

_B/S It's registered Agent CT corp systems_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was ___ miles and my fees are as follows: To certify which witness my hand.

|  |  |
|---|---|
| For serving Citation | $ 75-00 |
| For mileage | $ |
| For Notary | $ |

_Cheryl Allbert_

of _Cheryl_ County, _Dallas_

By _Cheryl Allbert_ —Deputy

Exp 09/30/21

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Cheryl Allbert_ before me this _10_ day of _December_, 20 _20_,

to certify which witness my hand and seal of office.

Notary Public _Rendon_ _Dallas_ County _TX_

JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 48871050
Status as of 12/14/2020 10:16 AM CST

Associated Case Party: JESUS GUZMAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hazim Mandavia | | hazim@theamlawgroup.com | 12/11/2020 12:15:11 PM | SENT |
| Sam Almasri | | sam@theamlawgroup.com | 12/11/2020 12:15:11 PM | SENT |
| Lana Shubair | | lana@theamlawgroup.com | 12/11/2020 12:15:11 PM | SENT |
| Iridian Cueto | | iridian@theamlawgroup.com | 12/11/2020 12:15:11 PM | SENT |

# Exhibit 7

In The District Court
Of Dallas County, Texas
191st District Court

12/14/2020

HAZIM MANDAVIA
Attn ALMASRI MARZWANIAN LAW GROUP
9330 LBJ FWY STE 120
DALLAS TX  75243

IN RE: DC-20-11190
     JESUS GUZMAN
      vs.
     HOA RESTAURANT GROUP, LLC

# NOTICE OF INTENT TO DISMISS

*Submission* Hearing is set for   **02/18/2021** at 09:00 a.m.
**This is a Submission docket \*\*ONLY\*\***
**NO APPEARANCE IN PERSON**
**YOU MUST RESPOND IN WRITING WITH**
**\*\*\*LETTER OF EXTENSION or DEFAULT JUDGMENT\*\*\***

**Failure to respond in writing on or before the above date and time to show good cause why this case should be continued on the court's docket will result in dismissal.**

Pursuant to Texas Rule of Civil Procedure 165a the Court issues this Notice of Intent to Dismiss.

✓ **If service on any Defendant has not been obtained as evidenced by no return of citation having been filed with the Court prior to the date of the Dismissal Hearing, the case is subject to being dismissed on the date of the hearing;**

If service has been achieved on a Defendant, as evidenced by a return of citation having been filed with the Court, but no answer has been filed (provided such answer is past due prior to the Dismissal Hearing date), you must obtain a default/final judgment signed by this Court prior to the date of the Dismissal Hearing, or the case is subject to being dismissed on the date of the hearing;

If service has been achieved on a Defendant, as evidenced by a return of citation having been filed with the Court, but the time to file an answer has not expired, you must respond in writing, notifying the Court when the Defendant's answer is due and what additional actions are required to dispose of the case;

✓ **If an answer by Defendant is filed on or before the Dismissal Hearing date, the case will be set for trial or scheduling conference in accordance with the Court's standard policies and procedures.**

If there are multiple defendants, if service has not been obtained on all defendants, there must be a letter or other document filed to notify the Court why all defendants have not been served with citation. If no such notice has been filed with the Court, this case is subject to being dismissed on the date of the hearing.

     Sincerely,

     GENA SLAUGHTER
     JUDGE PRESIDING
     191ST District Court

# Exhibit 8

CAUSE NO. DC-20-11190

| | | |
|---|---|---|
| JESUS GUZMAN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 191ST JUDICIAL DISTRICT |
| HOA RESTAURANT GROUP, LLC d/b/a | § | |
| HOOTERS and HELSMAN | § | |
| MANAGEMENT SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT HOA RESTAURANT GROUP, LLC'S
## <u>VERIFIED DENIAL, ORIGINAL ANSWER, AND REQUEST FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HOA Restaurant Group, LLC ("Defendant") (incorrectly sued as "HOA Restaurant Group, LLC d/b/a Hooters") files this Verified Denial, Original Answer, and Request for Disclosure, and would respectfully show the Court the following:

### I.
### <u>VERIFIED DENIAL</u>

1.      Defendant denies that it is liable to Plaintiff Jesus Guzman ("Plaintiff") in the capacity in which it has been sued.

2.      Defendant denies that it "owned and/or leased and/or managed the property in question" located at 2201 N. Lamar Street, Dallas, Texas 75202 or that it otherwise had "control over the premises in question" on the date of the subject incident, as alleged in Paragraphs 9 and 10 of Plaintiff's Original Petition, Jury Demand, and Request for Disclosure.

3.      Defendant denies that it had any agents, officers, principals, vice principals, or employees acting within the course and scope of their agency or other relationship at the premises where the alleged acts and/or omissions giving rise to Plaintiff's claims are alleged to have occurred at the time when such incident is alleged to have occurred.

4.      Based on the foregoing, Defendant asserts that there is a defect of parties.

## II.
### GENERAL DENIAL

5.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every material allegation contained in Plaintiff's Original Petition, Jury Demand, and Request for Disclosure and any amendments or supplements thereto, demands strict proof thereof, and, to the extent such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can do so.

## III.
### AFFIRMATIVE DEFENSES

6.      Pleading further, alternatively, and by way of affirmative defense, Defendant contends that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7.      Pleading further, alternatively, and by way of affirmative defense, Defendant would show that at the time and on the occasion in question, Plaintiff failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was a proximate cause or a producing cause or the sole proximate cause or the sole producing cause of the incident in question and any alleged damages stemming therefrom, if any.    Defendant, therefore, invokes the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

8.      Pleading further, alternatively, and by way of affirmative defense, Defendant would show that, at the time and on the occasion in question, others beyond Defendant's control—including but not limited to the unidentified "one or more of the patrons of the [r]estaurant" who allegedly attacked and injured Plaintiff—failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar

circumstances, and that such failure was, alternatively, a proximate cause or a producing cause or the sole proximate cause or the sole producing cause of the subject incident and any alleged injuries and damages stemming therefrom, if any.

9.      Pleading further, alternatively, and by way of affirmative defense, Defendant contends that an unknown person or people committed criminal acts—namely, physically assaulting Plaintiff in violation of Section 22.01(a) of the Texas Penal Code, as alleged in Paragraph 7 of Plaintiff's Original Petition—and those criminal acts were a cause of the alleged loss or injury that is the subject of this lawsuit.  *See* Tex. Civ. Prac. & Rem. Code § 33.004(j). Defendant does not have any identifying information for the "one or more of the patrons of the [r]estaurant" who allegedly attacked and injured Plaintiff beyond what is stated in Paragraph 7 of Plaintiff's Original Petition.

10.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show, in the unlikely event that any liability would be found on the part of Defendant, such liability should be reduced by the percentage of causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant had no control and for whom Defendant is not responsible, including but not limited to Plaintiff and the unidentified "one or more of the patrons of the [r]estaurant" who allegedly attacked and injured Plaintiff.

11.     Pleading further, alternatively, and by way of inferential rebuttal defense, Defendant would show that the subject incident and Plaintiff's alleged injuries and damages, if any, were the result, in whole or in part, of a new and independent cause and/or intervening and superseding cause, which was not reasonably foreseeable by Defendant.

12.     Pleading further, alternatively, and by way of affirmative defense, Defendant contends that any claims for medical or health care expenses are limited to the amount actually

paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

14.     Pleading further, alternatively, and by way of affirmative defense, Defendant invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

15.     Pleading further, alternatively, and by way of affirmative defense, in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or through settlement agreements.

16.     Defendant reserves the right to amend this answer to assert additional defenses, affirmative or otherwise, to challenge venue, and to assert third-party claims, all as may be required upon the completion of reasonable discovery and investigation.

## IV.
### REQUEST FOR COURT REPORTER

17.     Defendant respectfully requests that a court reporter attend all sessions in court in connection with this case and that said reporter take full notes of all testimony offered, together with any objections, rulings, and remarks of the Court and exemptions thereto and such other

proceedings as may be needed or requested by Defendant.  *See Christie v. Price*, 558 S.W.2d 922, 923 (Tex. Civ. App.—Texarkana 1977, no writ).

## V.
### JURY DEMAND

18.     Defendant respectfully demands a jury for the trial of this matter.

## VI.
### REQUEST FOR DISCLOSURE

19.     Pursuant to Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of service of this request, the information or material described in Rule 194.2 (a)–(*l*).

## VII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant HOA Restaurant Group, LLC respectfully prays that Plaintiff Jesus Guzman take nothing by reason of this suit; that Defendant recover the costs and expenses it has incurred in defending this suit; and for such other and further relief, both at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,


*/s/ Brian Rawson*
**BRIAN RAWSON**
State Bar No. 24041754
brawson@hartlinebarger.com
**STEPHANIE ROARK**
State Bar No. 24070498
sroark@hartlinebarger.com
**HOLLY NAEHRITZ**
State Bar No. 24083700
hnaehritz@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 – Telephone
(214) 369-2118 – Facsimile

and

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hartlinebarger.com
**HARTLINE BARGER LLP**
800 N. Shoreline Blvd., Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000 – Telephone
(361) 866-8039 – Facsimile

**ATTORNEYS FOR DEFENDANT
HOA RESTAURANT GROUP, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the applicable Texas Rules of Civil Procedure on this 7th day of January, 2021.

*Holly Naehritz*

---

# Exhibit 9

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

# State of Delaware

The Official Website of the First State

**Department of State: Division of Corporations**

Allowable Characters

HOME

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 4924519 | Incorporation Date / Formation Date: | 1/10/2011 (mm/dd/yyyy) |
| Entity Name: | HOA RESTAURANT GROUP, LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]          [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

# Exhibit 10

| | | |
|---|---|---|
| **Form 304**<br>**(revised 9/03)** |  | This space reserved for office use. |
| Return in Duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>**Filing Fee: $500** | **Application for**<br>**Certificate of Authority**<br>**Pursuant to Article 7.05**<br>**Texas Limited Liability**<br>**Company Act** | FILED<br>In the Office of the<br>Secretary of State of Texas<br><br>MAR 1 1 2004<br><br>Corporations Section |

1. The name of the limited liability company is as set forth below:

    Helmsman Management Services LLC

The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for "name availability" is recommended.

2A. The legal name of the limited liability company does not contain the words "Limited Liability Company," or "Limited Company," or the abbreviations "L.L.C." "LLC," "L.C.," or "LC." The name of the company with the word or abbreviation that it elects to add for use in Texas is:


2B. The limited liability company name is not available in Texas. The assumed name under which the limited liability company will qualify and transact business in Texas is:


3. ☐ The entity electing to obtain this certificate of authority is not required to use an organizational ending indicating it is a limited liability company since it is not characterized or formed as a limited liability company under the laws of the jurisdiction governing its formation.

4. Its federal employer identification number is:    04-2791584

☐ Federal employer identification number information is not available at this time.

5. It is organized under the laws of: (set forth state or foreign country)    Massachusetts

6. The date of its organization is    December 18, 2003    and its period of duration is:

☒ perpetual  **or**  ☐ limited duration of a term of years set at:

7. The principal office address in the state or country of the company's jurisdiction of formation is:
(If the company does not maintain an office address in its jurisdiction of formation, then provide the registered office address of its registered agent in the jurisdiction of formation in the space provided below.)

    9 Riverside Road, Weston, Massachusetts   02493

| Address | City | State/Country | Zip/Postal Code |

8. Its proposed registered agent in Texas is: (See instructions. Cannot be company named above.)

C T Corporation System

TX063 - 01/21/2004 C T System Online

, and the street address of its proposed registered office, which is the business office address of its proposed registered agent in Texas, is: (A post office box address is not sufficient, please provide street address.)

c/o C T Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201

9. The purpose or purposes of the limited liability company that it proposes to pursue in the transaction of business in Texas are set forth below. The company also certifies that it is authorized to pursue such stated purpose or purposes in the state or country under which it is organized.

    To engage in any business, trade, or activity as may be lawfully conducted by a limited liability company.

**(Complete either item 10A or 10B below.)**

10A. The name and address of each of its managers is:

| NAME | ADDRESS (include city and state/country) |
|---|---|
| John M. Collins | 175 Berkeley Street, Boston, MA 02117 |
| Gary R. Gregg | 175 Berkeley Street, Boston, MA 02117 |
| Dennis J. Langwell | 175 Berkeley Street, Boston, MA 02117 |
| David H. Long | 175 Berkeley Street, Boston, MA 02117 |
| Christopher C. Mansfield | 175 Berkeley Street, Boston, MA 02117 |

10B. The company is member-managed. The name and address of each of its managing members is::

| NAME | ADDRESS (include city and state/country) |
|---|---|
| | |
| | |
| | |

11. As of the date of filing, the undersigned certifies that the foreign limited liability company currently exists as a valid entity under the laws of the jurisdiction of its formation.

| **Effective Date of Filing** |
|---|

[X] The document is to be effective when the document is filed by the secretary of state.
**OR**
[ ] This document will become effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state. The delayed effective date is:

| **Execution** |
|---|

The undersigned authorized manager or member of the limited liability company signs this document subject to the penalties imposed by law for the submission of a false or fraudulent document.

| Signature of Authorized Manager/Member | 3 | 10 | 04 |
|---|---|---|---|
| | Date | | |

TX063 - 01/21/2004 C T System Online